LORENZO STURTEVANT *vs.* INHABITANTS OF PEMBROKE.

Plymouth.   Feb. 23. — 25, 1881.   ENDICOTT & FIELD, JJ., absent.

An action against a town for the amount of a bounty voted to the plaintiff, more than six years before the action was begun, in consideration of his enlisting on the quota of the town in the military service of the United States, is barred by the statute of limitations, Gen. Sts. *c.* 155, § 1.

CONTRACT to recover $125 and interest thereon, as a bounty which the defendant town voted, on April 19, 1864, and May 28, 1864, to pay the plaintiff, in consideration of his enlisting on the quota of the town in the military service of the United States. Writ dated December 30, 1878.   Answer, the statute of limitations.   Trial in the Superior Court, without a jury, before *Pitman*, J., who, at the request of the defendant, and without hearing the merits of the case, ruled that the action was barred by the statute of limitations; and found for the defendant.   The plaintiff alleged exceptions.

*W. H. Osborne*, for the plaintiff, contended that the exceptional nature of the services rendered by the plaintiff took his case out of the operation of a general statute of limitations, passed for the purpose of limiting the time of bringing actions on ordinary claims and contracts growing out of commercial transactions in times of peace; that the Sts. of 1863, *cc.* 38, 91, authorizing towns to pay bounties to soldiers, contained no limitation of time in which actions under them must be brought; and that it was not the intention of the Legislature that the general statute should apply.

*D. E. Damon*, for the defendant.

BY THE COURT.   This action is within the provision of the Gen. Sts. *c.* 155, § 1, by which " actions of contract founded upon any contract or liability not under seal, express or implied," (except upon judgments of courts of the United States or of one of the States,) are barred in six years after the cause of action accrues.        *Exceptions overruled.*